IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANTHONY TRENT BEARD, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | 1 : 13-CV-04 (WLS) |
| CAROLYN COLVIN, : | |
| Acting Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on January 10, 2013, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial

evidence." *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."   *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff protectively filed an application for Supplemental Security Income benefits in January 2010, alleging disability since August 1, 2004.   (T- 185).   His claims were denied initially and upon reconsideration.   (T – 105-07, 115-16).    A hearing was held before an ALJ in August 2011.   (T- 32-98). Thereafter, in a hearing decision dated December 16, 2011, the ALJ determined that the Plaintiff was not disabled.   (T- 12-31).    The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.   (T-1-6).

*Statement of Facts and Evidence*

The Plaintiff was 32 years of age at the time of the ALJ's decision.   (T – 171).   Plaintiff alleges disability since August 1, 2004, due to mental health problems.   (T – 171, 190).   Plaintiff completed the eighth grade, although he reported to a consultative examiner that he completed his GED in prison, and has past relevant work experience as a restaurant worker, a roofer and construction worker.   (T- 191, 192, 348).   As determined by the ALJ, Plaintiff suffers from severe impairments in the form of anti-social personality disorder, history of poly-substance abuse, borderline intellectual functioning, schizophrenia, history of post-traumatic brain syndrome, and obesity.   (T –17).   The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing heavy work activity with certain restrictions.   (T – 18, 20).   The ALJ relied on the testimony of a Vocational Expert to determine that although the Plaintiff could not return to his past relevant work, the Plaintiff remained capable of performing other

jobs that existed in significant numbers in the national economy and thus was not disabled.  (T-25-26).

## DISCUSSION

*Treating physician's opinion*

The Plaintiff argues initially that the ALJ erred in his consideration of the opinions of his treating physician Dr. Gary Smith.  Specifically, the Plaintiff asserts that the ALJ erred in finding that the Plaintiff lives and travels to Dr. Smith's office in Florida, when Plaintiff actually lives in Donalsonville, Georgia and travels to Dr. Smith's office in the same city.  Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' - or unable to work- does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).  Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).  As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

"Absent 'good cause', an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight'. . . With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so."  *Winschel v. Comm'r. of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)).

Although the ALJ did find that the Plaintiff lives in Thomasville, Florida, rather than Thomasville, Georgia, and found that Plaintiff travels about 60 miles every two weeks to see Dr. Smith in Donalsonville, Florida, rather than Donalsonville, Georgia, he did not rely solely or primarily on these findings to discredit Dr. Smith's findings.

The ALJ discussed Dr. Smith's opinions

> that the claimant's mental health was markedly limited in several areas. Specifically, he noted that the claimant's behavior, mood, affect, thought processes and memory were abnormal. However, during a consultative examination with Dr. Swofford just three months later, the claimant demonstrated appropriate affect and demeanor and normal psychomotor function, speech, thought and perception. . . Dr. Smith [also] opined that the claimant was highly likely to decompensate under stress. In evaluating this opinion, however, it is important to note the nature of the claimant's relationship with Dr. Smith. Though Dr. Smith treated the claimant as a child, his treatment of the claimant as an adult only began around April 2010 – shortly after the claimant applied for disability benefits. . . Aside from the fact that Dr. Smith's opinion contradicts others in the record, he is also the claimant's family physician, who may have a somewhat sympathetic bent towards the claimant. . . the opinion in question departs substantially from the rest of the evidence of record . . . For the above-outlined reasons, I afford this opinion little weight.
>
> . . . While I do afford significant weight to Dr. Smith's diagnostic assessment of the claimant's schizophrenia and anti-social personality disorder, which are elsewhere documented in the record, I afford little weight to the remainder of his opinion because it was based upon inaccurate and incomplete information; because it so strongly contradicts other opinions in the record; and because there is a strong suggestion that some sympathetic bias may have influenced Dr. Smith's opinion.

(T – 23-24).

Accordingly, the ALJ provided adequate and specific reasons to discredit the opinions of disability issued by Dr. Smith, and did not rely on his erroneous findings that the Plaintiff lived in

Florida and traveled a greater distance to see Dr. Smith.

*Appeals Council: consideration of new evidence*

The Plaintiff also asserts that evidence before the Appeals Council supported his assertion that he has a psychiatric disability of long-standing nature.   The Appeals Counsel herein stated that it

> considered the reasons [the claimant] disagree[s] with the decision and the additional evidence listed on the enclosed Order of Appeals Council.   We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(T – 1-2).

The additional evidence to which the Appeals Council refers includes the Plaintiff's juvenile records dated 1988-1994.   (T – 4).   The Plaintiff appears to argue that this evidence would have been material to the ALJ's decision, and that the ALJ failed to consider evidence of the Plaintiff's violent juvenile history.

The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record.   20 C.F.R. § 404.970(b).   The new evidence must relate to the relevant period under consideration by the ALJ.   *Id.*   Herein, the Appeals Council reviewed the evidence of Plaintiff's juvenile record, but ultimately found that the evidence did not provide a basis for changing the ALJ's decision.   (T – 1-2).

In *Ingram v. Comm'r. of Social Security Administration*, 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit discussed the review of new evidence submitted to the Appeals Council, and found that "a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section

405(g)." *Id.* at 1265 (*citing Keeton v. Dep't. of Health & Human Services*, 21 F.3d 1064 (11th Cir. 1994)). The district court must determine "whether the Appeals Council correctly decided that the 'administrative law judge's action, findings, or conclusion is [not] contrary to the weight of the evidence currently of record." 20 C.F.R. 404.970(b); *Ingram*, 496 F.3d at 1266. New evidence presented to the Appeals Council may provide the basis for a Sentence Four remand if "the Appeals Council did not adequately consider the additional evidence." *Bowen v. Heckler*, 748 F.2d 629, 636 (11th Cir. 1984).

The decision of the Appeals Council makes clear the fact that the Council did consider the evidence and found that it did not support a remand of this matter to the ALJ. The evidence does not appear to be material to any change in the ALJ's decision, as it is merely a compilation of juvenile charges against the Plaintiff, with no specific connection to the issues under consideration by the ALJ. Accordingly, the Appeals Council properly determined that the new evidence was not contrary to the ALJ's decision and declined to remand this matter based on this new evidence. *See Hoffman v. Astrue*, 259 Fed.Appx. 213, 218 (11th Cir. 2007) (Appeals Council properly considered new evidence and determined it would not change the ALJ's decision, especially considering the opinion was based on evidence already before the ALJ).

### *Development of the record*

The Plaintiff contends that the ALJ failed to fully develop the record in regard to the severity of his visual impairments. The ALJ is charged with the duty of developing a full and fair record, meaning that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts". *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The Court finds that the record was developed sufficiently to determine whether the ALJ's

decision was supported by substantial evidence herein.  The Plaintiff asserts that the ALJ should have referred him for full ophthalmological and neurological evaluations based on medical findings that he had certain eye conditions consistent with head trauma.  The ALJ ultimately found that the Plaintiff did not suffer from a severe impairment as a result of his visual issues, noting that the Plaintiff enjoyed drawing and that treatment notes did not reflect a visual impairment.  (T – 17).  Moreover, the objective medical record does not support allegations that visual impairments interfered with Plaintiff's normal functioning.  *Id*.

*Hypotheticals*

Finally, the Plaintiff asserts that the ALJ failed to appropriately consider evidence of medication side effects, including vocational expert testimony that the side effects of psychiatric medications would make the Plaintiff unemployable.  Once a claimant proves at Step Four that she can no longer perform her past relevant work, the burden shifts to the Commissioner to establish that other jobs exist in the national economy that the claimant can perform.  *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  The testimony of a Vocational Expert may provide the basis for a finding by the ALJ that the Plaintiff can still perform other jobs at Step Five.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

The ALJ was not required to evaluate the Vocational Expert's responses to hypothetical situations comprised of unsupported allegations regarding the Plaintiff's condition.  Although Plaintiff's counsel pointed to additional limitations for the Plaintiff in posing hypotheticals for the Vocational Expert, the Plaintiff did not establish that these additional limitations were supported by the record or that they otherwise significantly affected Plaintiff's ability to perform work activity.  (T – 97).  The ALJ noted Plaintiff's allegations that he suffered from medication side effects, but found

that the Plaintiff had "provided conflicting statements concerning [these] medication side effects". (T – 24).   "The ALJ is not required to include in any hypothetical question to the VE claims of impairments that he has found unsupported."  *Dent v. Astrue*, 2009 WL 3418155 (M.D.Ga.)(citing *Crawford v. Comm'r. of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).   Accordingly, there was no error in the ALJ's failure to consider the limitations set out in Plaintiff's hypotheticals and the Vocational Expert's responses thereto.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 20th day of May, 2014.

                                                    s/   *THOMAS Q. LANGSTAFF*
                                                    **UNITED STATES MAGISTRATE JUDGE**

asb